**Harry Lee CARTER, Appellant,**

**v.**

**Lady P. BRADY, Individually and as Independent Executrix of the Estate of Frank T. Brady, Deceased, Appellee.**

**No. 14450.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 16, 1966.

---

Cofer, Cofer & Hearne, Austin, Thomas Y. Banks, Tyler, for appellant.

W. F. Nowlin, Carl Wright Johnson, San Antonio, for appellee.

MURRAY, Chief Justice.

Appellant, Harry Lee Carter, instituted this suit in the Probate Court of Bexar County, Texas, against Lady P. Brady, individually and as independent executrix of the estate of Frank T. Brady, deceased, seeking an order of such court closing the independent administration of the estate of Frank T. Brady. The Probate Court sustained a plea in abatement and dismissed the suit. Appellant duly appealed to the District Court of Bexar County, where the same judgment was rendered as in the Probate Court, from which judgment Harry Lee Carter has prosecuted this appeal.

Lady P. Brady is the independent executrix and a beneficiary under the will of Frank T. Brady, deceased. She was bequeathed the three-story Brady Building free from all liens, and one Gladys Nichols was bequeathed the eight-story Brady Building subject to all debts of the estate. Appellant, Carter, loaned Gladys Nichols the sum of about $70,000, and took a lien against her interest in the eight-story Brady Building. This loan was not repaid and Carter foreclosed his debt, and at a public sale bought Gladys Nichols' interest in the eight-story building for the sum of $25,000. Carter also purchased a note in the sum of $500,000 secured by a first lien mortgage against the eight-story Brady Building. Thereafter Lady P. Brady, as independent executrix, released to Carter the eight-story Brady Building free from the administration of the Brady Estate. In this transaction he paid to Lady P. Brady the sum of $147,141.70, that she had advanced out of the Brady Estate to prevent a lien against the eight-story Brady Building from being foreclosed. Carter is now in possession of the eight-story Brady Building, and is the owner of the $500,000 note formerly held by Alamo National Bank, together with the first lien against the eight-story building. Carter has never foreclosed his lien against the Brady Building, and therefore has no claim for any deficiency which might have developed if there had been a foreclosure. Carter was not a devisee or legatee under the Frank T. Brady will. He is now in possession of the eight-story Brady Building and treats it as though he was the sole owner thereof.

Section 152, Vernon's Ann.T.S. Probate Code, reads as follows:

"At any time after an estate has been fully administered and there is no further need for an independent administration of such estate, any distributee may file an application to close the administration; and, after citation upon the independent executor, and upon hearing, the court may enter an order closing the administration and terminating the power of the independent executor to act as such."

This is the only method provided in the Probate Code for closing an independent administration, other than by acts of the independent administrator as provided in Section 151.

A distributee is defined in the Texas Probate Code, § 3(j), as follows:

"'Distributee' denotes a person entitled to the estate of a decedent under a lawful will, or under the statutes of descent and distribution."

No one other than a distributee can force the closing of an independent administration. Harry Lee Carter is not a distributee, and therefore he can not compel the closing of the Frank T. Brady Estate.

The trial court properly sustained the plea in abatement and dismissed the cause. The judgment is affirmed.